NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HUGO ALEXANDER AMAYA
QUINTEROS,

        Petitioner,

v.

CHARLES GREEN,

        Respondent.

Civ. No. 16-5718 (JMV)

OPINION

APPEARANCES:

HUGO ALEXANDER AMAYA QUINTEROS
Essex County Correctional Facility
354 Doremus Ave.
Newark, NJ 07102
    Petitioner, *pro se*

ANTHONY LABRUNA
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
    On behalf of Respondent

**VAZQUEZ**, United States District Judge

    Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on September 19, 2016, challenging his prolonged detention in the custody of Immigration and Customs Enforcement. ("ICE"). (ECF No. 1.) He has been in ICE detention since March 3, 2016, and is confined in Essex County Correctional Facility in Newark, New Jersey. (*Id.*) The Court ordered an answer to the petition (ECF No. 4), and on March 13, 2017, Respondent submitted a

response (ECF No. 5), requesting that the petition be dismissed as moot because Petitioner received a bond hearing on May 18, 2016.

I.  BACKGROUND

Petitioner is a native and citizen of El Salvador who entered the United States at an unknown place and time, without being admitted or paroled after inspection by an Immigration Officer. (ECF No. 5-1 at 2.) Petitioner was arrested by ICE on March 5, 2016, and charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). Petitioner was identified as a member of the criminal gang MS-13. (ECF No. 5-1 at 6.) He was taken into custody under 8 U.S.C. § 1226(a). (ECF No. 5-1 at 12-15.)

Petitioner requested redetermination of ICE's custody decision. (*Id.* at 12.) A custody hearing was held on May 18, 2016, and the immigration judge ("IJ") denied the request for change in custody status, finding Petitioner to be a danger to the community. (*Id.* at 17.) Petitioner reserved appeal of the custody decision. (*Id.*) However, according to Respondent, Petitioner never appealed the custody determination with the BIA. (ECF No. 5 at 2.)

Petitioner filed the present petition for writ of habeas corpus on September 9, 2016. (ECF No. 1.) Petitioner argued that his "mandatory" detention for more than six months was unreasonably prolonged, in violation of due process. (*Id.* at 3.) For relief, Petitioner seeks immediate release or a bond hearing. (*Id.*) Petitioner was ordered removed from the United States on October 6, 2016. (ECF No. 5-1 at 19-20.) Petitioner appealed the removal order. (*Id.* at 23.) The appeal remains pending. (ECF No. 5 at 2.)

II.  DISCUSSION

Respondent contends the petition is moot because Petitioner has received the only relief he may be entitled to, a bond hearing. (*Id.* at 2.) Respondent further maintains that this Court lacks

jurisdiction to review the IJ's custody decision. (*Id.* at 3.) Petitioner is not precluded from seeking a bond redetermination from an IJ, if he can show a material change in circumstances since the prior bond redetermination. (*Id.*)

Here, Petitioner is not subject to mandatory detention, rather he is subject to discretionary detention under 8 U.S.C. § 1226(a). (ECF No. 5-1 at 12-15.) 8 U.S.C. § 1226(a) provides, in relevant part:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General--
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on--
>
> > (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> >
> > (B) conditional parole . . .

Petitioner requested and received a review of the IJ's custody determination. (ECF No. 5-1 at 15, 17.)

Petitioner seeks relief under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011); *Chavez-Alvarez v. Warden York County Prison*, 783 F3d 469 (3d Cir. 2015); and *Zadyvdas v. Davis*, 533 U.S. 678 (2001). Each of these cases is distinguishable. In *Zadvydas*, the Supreme Court held, with respect to aliens who were admitted to the United States but subsequently ordered removed and detained pursuant to 8 U.S.C. § 1231(a)(6), that the post-removal-period statute authorizes the Attorney General to detain a removable alien only for a period of time reasonably necessary to secure the alien's removal. 533 U.S. 678, 682 (2001). Petitioner was never admitted

3

to the United States, and he is not detained pursuant to § 1231(a)(6). The *Zadvydas* standard does not apply here.

In *Diop*, the Third Circuit held that when mandatory detention of criminal aliens under 8 U.S.C. § 1226(c) becomes unreasonably prolonged, "the Due Process Clause demands a hearing, at which the Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." 656 F.3d 221, 233. The Government must justify "its actions at a hearing inquiring into whether continued detention is consistent with the law's purposes of preventing flight and dangers to the community." *Id.* at 232.

In *Chavez-Alvarez*, like *Diop*, the petitioner challenged his prolonged mandatory detention under 8 U.S.C. § 1226(c), without a bond hearing. 783 F.3d at 472 ("Chavez–Alvarez says that the Government is violating his due process rights by detaining him for an unreasonable amount of time without conducting a hearing at which he would have the opportunity to be released on bond.") Here, Petitioner had a custody hearing, and he was denied bond based on a finding that he was a danger to the community. (ECF No. 5-1 at 17.) He is not indefinitely detained because he can be removed when his removal order is finally adjudicated. *See Contant v. Holder*, 352 F. App'x 692, 696 (3d Cir. 2009). Additionally, if Petitioner's circumstances have changed materially since his May 18, 2016 custody determination, he can obtain a bond redetermination hearing before an IJ, and the IJ's decision is appealable to the BIA. *Id.* at 695-96. Therefore, Petitioner's Due Process Claim fails because his detention is not indefinite, and he has an avenue to seek release, if his circumstances have changed materially since his prior bond redetermination hearing, he may seek a rehearing.

Finally, under 8 U.S.C. § 1226(e), "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant,

revocation, or denial of bond or parole." Therefore, this Court lacks jurisdiction to review the IJ's custody determination. *See Pisciotta v. Ashcroft*, 311 F.Supp.2d 445, 453 (D.N.J. 2004) (habeas court lacked jurisdiction to review BICE's determination to detain alien upon reopening removal proceedings or the decision to revoke prior custody status); *Pena v. Davies*, Civ. No. 15-7291(KM), 2016 WL 74410, at *2 (D.N.J. Jan. 6, 2016) (habeas court cannot second guess discretionary decision of IJ to deny the petitioner's release on bond.)

III. CONCLUSION

For the reasons discussed above, Petitioner's discretionary detention under § 1226(a), beginning March 3, 2016, for which he received a bond redetermination hearing before an IJ, does not violate his right to due process. Therefore, the Court will deny the petition.

An appropriate Order follows.

Dated: April, 2017
At Newark, New Jersey

                                                       s/ John Michael Vazquez
                                                      JOHN MICHAEL VAZQUEZ
                                                      United States District Judge